475 A.2d 817

In re GUARDIANSHIP OF Persons and Estates of Paula Rose Christine ZOREK, Timothy Charles Christine and Jacob Francis Christine, Minor Children of Ester V. Christine, Deceased, Late of Derry Township, Dauphin County, Pennsylvania.

#### Appeal of Charles A. CHRISTINE

In re GUARDIANSHIP OF Persons and Estates of Paula Rose Christine ZOREK, Timothy Charles Christine and Jacob Francis Christine, Minor Children of Ester V. Christine, Deceased, Late of Derry Township, Dauphin County, Pennsylvania.

#### Appeal of Paula Rose Christine ZOREK, Timothy Charles Christine and Jacob Francis Christine.

Superior Court of Pennsylvania.

Argued Jan. 12, 1984.

Filed April 27, 1984.

Joseph J. Dixon, Harrisburg, for appellant (at No. 263) and for participating party (at No. 264).

John R. Fenstermacher, Harrisburg, for appellants (at No. 264) and for appellees (at No. 263).

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

WICKERSHAM, Judge:

Appellants, Paula, Timothy, and Jacob Christine were minors when their mother died on March 26, 1974. In view of the fact that their father had predeceased their mother, one of their older brothers, Charles, appellee herein, was appointed guardian of the estates and persons of the minors in June of 1974. The initial amount of guardianship funds Charles received was $9,801.12. At the time of the appointment, the only additional assets expected to come into the estates of the minors were monthly annuity payments in the amount of $466.72 for each ward from the Pennsylvania State Employees Retirement Board.

On March 7, 1977, Timothy and Jacob (Paula had previously reached her majority) filed a petition to grant a citation to Charles to show cause why he should not be removed as guardian of their estates and persons. The grounds for the petition were (1) misappropriation and waste of estate funds; (2) appropriation of estate funds by the guardian to his own use; and (3) physical and psychological abuse of the wards by the guardian. The court ordered the guardian to file an accounting. Appellants filed objections to the accounting. A master was appointed, hearings were held, and the master reported his findings of fact, conclusions of law, and recommendations to the Dauphin County Court of Common Pleas. Essentially, the master concluded that substantial amounts of the guardian-

ship funds had been converted by the guardian (appellee) for his own use, that the guardian had co-mingled guardianship funds with his own funds, and that the guardian had failed to invest the estate assets to yield interest to the wards. On the basis of these findings, the Master recommended to the court: (1) that Paula be paid $5,228.41 as of January 1, 1980, together with interest at the rate of $.65 per day for each day after January 1, 1980; (2) Timothy be paid $15,120.78 as of January 1, 1980, together with interest at the rate of $1.96 per day for each day after January 1, 1980; and (3) that Jacob be paid $17,560.51 as of January 1, 1980, together with interest at the rate of $2.31 per day for each day after January 1, 1980. (RR 179a–180a). In arriving at each of these figures, the master included a surcharge for interest from the date appellee received the guardianship funds in the amount of six percent (6%) per annum, simple interest. The parties then submitted exceptions to the master's report. In an opinion and order filed July 19, 1982, the Honorable Lee F. Swope, President Judge of the Court of Common Pleas of Dauphin County, dismissed both the guardian's and the wards' exceptions and approved and adopted the recommendations made by the master, awarding the aforesaid sums to the wards. These cross-appeals were timely filed.

In this appeal, appellee-guardian Charles Christine presents the following issues for our consideration:

I. Was the court's refusal to grant an extension or continuance to allow the testimony of the certified public accountant who filed and prepared the accounts of the guardianship so prejudicial as to require a reversal or remand?

II. Should the exceptions of the wards be dismissed because they were filed in an untimely manner or alternatively, should they be dismissed because the court committed no error of law?

Brief for Appellee at iii.

■ We conclude that President Judge Swope's opinion thoroughly and accurately addresses appellee's first issue and we find no need to discuss it further.

■■■ As to appellee's second issue, we find that appellee waived the right to appeal the appellants' alleged untimely filing of exceptions because he failed to raise the objection at the lower court level. Even if it were necessary for us to address the issue, however, we would find it to be meritless. Rule 6.1 of section 8 of the Dauphin County Orphans' Court Rules provides that the parties must file exceptions to the master's report within ten (10) days after receipt of notice from the master. The record reflects that appellants received notice from the master on January 9, 1980. Since the date of service is not included in the computation, 1 Pa.C.S.A. § 1908,[1] the exceptions should have been filed January 19, 1980. However, January 19, 1980 fell on a Saturday; therefore, the appellants' exceptions were timely filed on Monday, January 21, 1980. *See* 1 Pa.C.S.A. § 1908.

Since the second half of appellee's second issue deals with whether the court made an error of law in awarding simple rather than compound interest, we will defer discussion of that point until we reach appellants' second issue, *infra*, which addresses that question.

In their cross-appeal, appellants state the first issue for our consideration as follows:

I. Should the exceptions to the master's report filed by appellee-guardian be dismissed on the basis that the exceptions were improperly filed and in such improper form that the appellants were denied the opportunity to adequately respond?

Brief for Appellants at 3.

As with appellee's first issue, we find that the lower court adequately addressed this issue, and we find no need to discuss it further.

Appellants' second issue is:

II. Should a guardian that has been unjustly enriched by the wilful abuse of his position be held liable for the legal rate of interest as compounded to reflect the income that his wards would have received if the guardian had

---

**1.** Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S.A. § 1908.

properly discharged his duty to accumulate the income and assets of the guardianship?

Brief for Appellants at 3.

■ Both the master and the lower court indicated that the facts of the instant case would justify the compounding of the interest payable to the appellants-wards. Nevertheless, both held that 20 Pa.C.S.A. § 3544 [2] and the Pennsylvania Supreme Court's holding in *Mintz Trust*, 444 Pa. 189, 282 A.2d 295 (1971) made an award of compound interest in the instant case impermissible. We agree.

In *Mintz Trust, supra,* Dorothy Mintz brought suit against her brothers concerning the administration of a trust of which the brothers were the trustees and she was the beneficiary. Dorothy alleged, *inter alia,* that the trustees made an improper loan out of the trust funds. The principal of the loan together with simple interest was repaid. On appeal, Dorothy argued that she was entitled to compound interest instead of the mere simple interest she had obtained. Our supreme court held:

As a matter of policy, we believe appellant's position is the correct view. Section 207 of the Restatement (Second) of Trusts, provides in relevant part:

(2) Where the trustee is chargeable with interest, he is chargeable with simple and not compound interest, unless

(a) he has received compound interest, or

(b) he has received a profit which cannot be ascertained but is presumably at least equal to compound interest, or

(c) it was his duty to accumulate the income.

Comment d on Subsection (2) states:

If the trustee uses trust funds in his own business and it does not appear how much he has earned thereon, he is ordinarily chargeable with compound interest on the ground that he probably received a return from

**2.** Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 3544. This section is made applicable to trust estates through the Act of June 30, 1972, P.L. 508, No. 164, § 2, 20 Pa.C.S.A. § 7183.

the trust fund so used at least equal to compound interest.

At a time when more is rightly being expected of those in fiduciary positions, we believe the Restatement's view is preferable. However, we are not free to adopt this position. Section 754 of the Fiduciaries Act of 1949 states:

A personal representative who has committed a breach of duty with respect to estate assets shall, in the discretion of the court, be liable for interest, not exceeding the legal rate on such assets.

Act of April 18, 1949, P.L. 512, art. VII, § 754, 20 P.S. § 320.754.[3] This section is made equally applicable to trustees and trust funds by Section 983 of the same Act. See Act of April 18, 1949, supra, 20 P.S. § 320.983(11).[4] We therefore conclude the hearing judge's disposition of this issue was proper.

*Id.,* 444 Pa. at 205–06, 282 A.2d at 303–04 (quotations omitted).

We note that *Mintz Trust* has never been overruled nor even criticized.[5] Also, the statute referred to was re-pro-

3. This statute is now found at 20 Pa.C.S.A. § 3544. *See* n. 2, *supra.*

4. This statute is now found at 20 Pa.C.S.A. § 7183. *See* n. 2, *supra.*

5. Appellants cite *Sack v. Feinman,* 489 Pa. 152, 413 A.2d 1059 (1980) to support their position that "the Pennsylvania Supreme Court has commented favorably on the imposition of compound interest when such action is necessary to prevent injustice or unjust enrichment." Brief for Appellants at 18. In *Sack,* our supreme court quoted a passage from Dobbs on Remedies in which Professor Dobbs noted, *inter alia,* that the only way to prevent unjust enrichment of the fiduciary who breached his duty would be to permit an award of compound interest. We note, however, that the court quoted Professor Dobbs for the purpose of supporting its views on pre-judgment interest. Also Professor Dobbs' comments on compound interest were but a small portion of the quoted passage. Furthermore, compound interest was not an issue in the *Sack* case and the court made no further comments on the subject. While *Sack* might indicate the court's favorable attitude to awards of compound interest in certain fiduciary situations, it neither overrules nor even mentions the *Mintz Trust* decision. Even in *Mintz Trust,* the court indicated that it favored the award of compound interest in certain cases. Nevertheless, that court felt bound by the statute which provides that a

mulgated *after* the *Mintz Trust* opinion was filed. Therefore, we feel that the statute and its interpretation in *Mintz Trust* are still valid and that we are bound by them. Thus, we affirm the order of the lower court.

Order affirmed.

fiduciary cannot be liable for interest exceeding the legal rate. We are likewise bound by that statute.